UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRETT FASULO,

                                    Plaintiff,

    -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
OFFICER WILLIO LORS AND
OFFICER FISHMAN,

                                 Defendants.
-----------------------------------------------------------------x

Civil No.: 13 CV 2222

**AMENDED COMPLAINT**

## INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York and City of New York, against Officer Willio Lors and Officer Fishman, police officers of the City of New York, in their individual capacities and against the New York City Police Department and City of New York. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.     It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Brett Fasulo, violating his rights under the Fourth and Fourteenth Amendements to the United States Constitution, and that these defendants assaulted, battered and used excessive force against Brett Fasulo. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York and New York City Police Department.

## PARTIES

3.     Brett Fasulo, was at all material times a resident of the City of New York, State of New York, County of Queens and of full age.

4. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York and New York City Police Department, acting under color of law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York and/or the State of New York.

5. The City of New York is a municipal corporation and the public employer of said officers.

6. That at all times hereinafter mentioned, defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, refers to any and all agents, servants, officers, employees, organizations, and anyone operating under the policies and control of the defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including defendants, OFFICER WILLIO LORS and OFFICER FISHMAN.

**FACTS**

7. On or about May 6, 2012, at approximately 2:30 a.m., Brett Fasulo, was present at a location in front of 210-10 Northern Blvd., Queens, New York when the defendant officers caused an assault and battery and using excessive force upon the plaintiff, did push the plaintiff through a glass window while affecting an arrest.

8. As the plaintiff, Brett Fasulo, was approached by an individual who he did not know, he was fearful of being assaulted and feared for his life.

9. Thereafter, defendant police officers stopped the plaintiff, purportedly to investigate an allegation that he had failed to pay a fare following a cab ride.

10. Defendant officers immediately approached and physically assaulted the plaintiff, pushing and throwing his person through a plate glass window causing significant and substantial injuries to his person, both physical and emotional.

11. Following his person being thrown through a window, the two officers at the scene placed the plaintiff into handcuffs, causing further injury.

12. Although the plaintiff physically feared for his life, he did not physically resist or assault the defendant officers in any way and the force used against him was unreasonable, unnecessary and excessive.

13. The defendant police officers then arrested Brett Fasulo.

14. The plaintiff was taken by the defendant police officers in custody to the New York City Police Department police station located at the 111th Precinct where he was detained.

15. During that time, the plaintiff was not provided medical assistance by the defendant police officers.

16. At no time during the events described above, was plaintiff Brett Fasulo, a threat to the safety of himself or others, disorderly and he had not committed any criminal offenses.

17. The defendant police officers had no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff or justifiably use the excessive force used in seizing the person of the plaintiff.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various acts described and lent their physical presence and support and the authority of their office to each other during the said events.

19. As a direct and proximate result of said acts by defendant officers, the plaintiff Brett Fasulo suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Loss of his physical liberty; and

  c. Physical injury/pain and suffering, emotional trauma and suffering, all of which required the expenditure of money for treatment, and upon information and belief, permanent injury.

20. The actions of the defendant officers violated the following clearly established and well settled Federal constitutional rights of Brett Fasulo:

  a. Freedom from the unreasonable seizure of his person; and

  b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I

### 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

21. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

22. Plaintiff Brett Fasulo claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants Officer Willio Lors and Officer Fishman for violations of his constitutional rights under color of law.

## COUNT II

### ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANTS

23. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

24. Defendants OFFICER WILLIO LORS and OFFICER FISHMAN assaulted and battered plaintiff BRETT FASULO when said defendants exercised unreasonable and excessive force to affect an arrest of the plaintiff.

25. That the injuries were caused to the plaintiff, BRETT FASULO, were caused solely and wholly by the intentional or reckless acts of the defendant, THE CITY OF NEW YORK, by their agents, servants, officers, and/or employees, including defendant, OFFICER WILLIO LORS, and defendant, OFFICER FISHMAN, without any cause, justification, or provocation on the part of the

plaintiff contributing thereto. That as a result of the assault and battery on the plaintiff, BRETT FASULO, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, plus punitive damages.

26. That as a result of the assault and battery on the plaintiff, BRETT FASULO, he was caused to become seriously injured and suffered damages as listed herein.

## COUNT III

**FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS**

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. Defendants Officer Willio Lors and Officer Fishman illegally arrested and illegally imprisoned Brett Fasulo.

29. As a result of this false arrest and illegal imprisonment, plaintiff Brett Fasulo suffered damages as aforesaid.

## COUNT IV

**42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth herein at length.

31. Prior to May 6, 2012, the City of New York and the New York City Police Department developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Brett Fasulo's rights.

32. It was the policy and/or custom of the City of New York and the New York City Police Department to inadequately and improperly investigate complaints of police misconduct, and

acts of misconduct were instead tolerated by the City of New York, including but not limited to this incident.

33. It was the policy and/or custom of the City of New York and the New York City Police Department to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

34. As a result of the above described policies and customs, police officers of the City of New York and New York City Police Department, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

35. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York and New York City Police Department to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

### COUNT V

**42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT, ITS AGENTS, SERVANTS AND/OR EMPLOYEES, FOR USE OF EXCESSIVE FORCE AGAINST PLAINTIFF, BRETT FASULO**

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. That on the 6th day of May, 2012, at approximately 2:30 a.m. BRETT FASULO was caused to be seriously physically injured when through no fault of his own he was the victim of excessive force by the defendants' agents, servants and/or employees herein when he was pushed through a window during the course of his arrest by an offending police officer.

38. That this arrest was wrongful, unlawful and the force used excessive and as a result, the plaintiff BRETT FASULO was seriously physically injured.

39. That the defendants thereby deprived the plaintiff of his rights, privileges and immunities secured by the United States Constitution and New York State Constitution.

40. That the police officers involved owed the plaintiff a duty of care including the duty to exercise due care in the course of their duties as New York City Police Department officers and a duty to protect citizens from intentional misconduct of other New York City Police Department officers.

41. That the individual police officer defendants, OFFICER WILLIO LORS and OFFICER FISHMAN, by their aforementioned acts negligently failed to use due care in the performance of their duties and in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

42. That as a result of the wrongful acts of the defendants by their agents, servants and/or employees herein the defendants violated 42 U.S.C. § 1983 in the use of excessive force against the plaintiff BRETT FASULO.

43. That as the result of the excessive force used by the defendants in affecting their arrest upon BRETT FASULO the plaintiff was seriously aggrieved and damaged and was caused substantial injury.

## COUNT VI

**NEGLIGENCE AGAINST ALL DEFENDANTS INDIVIDUALLY AND AS AGENTS AND EMPLOYEES OF THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

44. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45. That on May 6, 2012 at a location in front of 210-10 Northern Blvd, Queens, New York, at approximately 2:30am to 3:00am early Sunday morning of May 6, 2012 at a location in

front of 210-10 Northern Blvd, Queens, New York, defendant, THE CITY OF NEW YORK, by their agents, servants, officers, and/or employees, including defendants, OFFICER WILLIO LORS and OFFICER FISHMAN, pushed the plaintiff, BRETT FASULO, through a glass window while affecting an arrest.

46. That as a result of the defendant, THE CITY OF NEW YORK, through their agents and/or employees, defendants, OFFICER WILLIO LORS and OFFICER FISHMAN, pushing the plaintiff, BRETT FASULO, through a glass window, the plaintiff, BRETT FASULO, was caused to be seriously injured.

47. That the unnecessary and unjustified excessive force, namely the push through a glass window, was used in affecting the arrest of the plaintiff, BRETT FASULO, all as a result of the negligence of the defendant, THE CITY OF NEW YORK by its agents, servants, officers, and/or employees, including defendants OFFICER WILLIO LORS and OFFICER FISHMAN.

48. The negligence of the defendant as herein set forth, includes, but is not limited to the following: in not properly identifying themselves as police officers to plaintiff, BRETT FASULO; in the inadequate training of officers in arrest procedures; in negligently exerting improper and excessive force and generally acting negligently and carelessly in affecting the arrest of the plaintiff; in overreacting to the situation and failing to exercise reasonable care, thereby causing the plaintiff serious physical injuries.

49. That the serious physical injuries caused to the plaintiff, BRETT FASULO, were caused solely and wholly by the negligence of the defendant, THE CITY OF NEW YORK, by their agents, servants, officers, and/or employees, including defendants, OFFICER WILLIO LORS and OFFICER FISHMAN, without any contributing factor or negligence on the part of the plaintiff.

50. That as a result of the negligence of the defendants as stated herein, plaintiff, BRETT FASULO, suffered serious injury, requiring surgery and therapy; suffered economic and non-economic loss, and upon information and belief, some of his injuries may be permanent.

51.     That as a result of the injury sustained by the plaintiff by reason of the negligence of the defendants as set forth herein, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction herein.

WHEREFORE, the plaintiff requests that this Court:

a.  Award compensatory damages to plaintiff against the defendants, jointly and severally;

b.  Award costs and attorney fees of this action to the plaintiff;

c.  Award punitive damages to plaintiff against the defendants, jointly and severally;

d.  Award reasonable fees and costs to the plaintiff on all Counts of the complaint; and

e.  Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Dated: New York, New York
       June 14, 2013

Yours, etc.

THE SAFTLER LAW FIRM
Attorneys for Plaintiff

By: _____
Lawrence B. Saftler, Esq. (LS5899)
275 Madison Avenue, Suite 1605
New York, NY 10016
(646) 865-0797